UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JESUINO T. VICENTE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| KENNETH W. KINGKADE and EDWARD VARTERESIAN, | ) ) ) | No. 1:24-cv-11270-JEK |
| Defendants/Third-Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ELISANDRO DOS SANTOS and PRECISION HOME REALTY, LLC, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON**
**THIRD-PARTY DEFENDANTS' MOTION TO DISMISS**

**KOBICK, J.**

On the evening of May 16, 2021, Elisandro Dos Santos, a real estate agent, brought Jesuino Vicente, a prospective homebuyer, to Kenneth Kingkade's home for a viewing appointment. Unbeknownst to Vicente, Dos Santos had actually booked an appointment for May 19, three days later, but was hoping to submit an offer to purchase Kingkade's property by the May 17 deadline. Upon arriving at the residence, Dos Santos obtained a housekey from a lockbox and unlocked the front door while Vicente waited in the car. Dos Santos was met at the front door by Kingkade, who thought Dos Santos was breaking into his home. Kingkade then held Dos Santos and Vicente at gunpoint in his driveway while his wife called the police. When police officer Edward Varteresian

arrived at the scene, he arrested and booked Vicente on charges, which were later dismissed, of breaking and entering with intent to commit a misdemeanor and criminal trespass.

Vicente filed an amended complaint against defendants Kingkade and Varteresian in April 2024, alleging violations of his Fourth Amendments rights against unreasonable seizure, excessive force, false arrest, and malicious prosecution, and raising similar state law claims. Kingkade and Varteresian subsequently filed a third-party complaint in June 2025 against Dos Santos and his employer, Precision Home Realty, LLC, alleging that they committed trespass and that they are liable for fraud, negligent misrepresentation, and statutory contribution under M.G.L. c. 231B. Pending before the Court is Dos Santos and Precision's motion to dismiss the third-party complaint for failure to state a claim. For the reasons that follow, the motion will be granted in part and denied in part. Kingkade and Varteresian plausibly allege claims of trespass and statutory contribution, but their standalone claims of fraud and negligent misrepresentation must be dismissed.

## BACKGROUND

The following facts are recounted as alleged in the third-party complaint and its attached exhibit, which encompasses the whole of the original complaint. *See Bazinet v. Beth Israel Lahey Health, Inc.*, 113 F.4th 9, 15 (1st Cir. 2024).

As relevant here, Jesuino Vicente, the plaintiff in the underlying suit, was a resident of Methuen, Massachusetts. ECF 28, ¶ 1. Kenneth Kingkade, defendant and third-party plaintiff, owned and resided in a house at 181 Highland Street in Milford, Massachusetts with his wife, Holly Kingkade (collectively, the "Kingkades"). *Id.* ¶ 2. Kingkade was a sergeant with the Milford Police Department. *Id.* Edward Varteresian, defendant and third-party plaintiff, also was an acting sergeant of the Milford Police Department. *Id.* ¶ 3; ECF 28, Ex. 1, ¶ 3. Third-party defendant

Elisandro Dos Santos, a Boston resident, was a licensed real estate broker in Massachusetts. ECF 28, ¶ 4. He was employed by third-party defendant Precision Home Realty, LLC, which is a Massachusetts real estate brokerage in Easton, Massachusetts. *Id.* ¶¶ 5, 8.

On May 16, 2021, Dos Santos told Vicente that he had scheduled an appointment for them to view the Kingkades' home at 181 Highland Street, which was listed for sale. *Id.* ¶¶ 2, 6, 9. Unbeknownst to Vicente, Dos Santos had actually booked an appointment for May 19, 2021. ECF 28, Ex. 1, ¶ 6. Because offers to purchase the Kingkades' property were due on May 17, 2021, Dos Santos wanted to show Vicente the property ahead of the scheduled appointment time. ECF 28, ¶ 10. On the evening of May 16, 2021, after sunset, Dos Santos brought Vicente to the Kingkades' property, nearly three days ahead of his viewing appointment and without the Kingkades' knowledge or consent. *Id.* ¶ 11. After obtaining the key from the lockbox, Dos Santos entered the Kingkades' house while Vicente stayed in the car. *Id.* ¶ 12; ECF 28, Ex. 1, ¶ 9. The Kingkades were home at the time of Dos Santos's entrance. ECF 28, ¶ 12.

When Dos Santos entered the home, Kingkade came to the door and told him there was no showing scheduled at that time. ECF 28, Ex. 1, ¶ 10. Kingkade then drew his gun and pointed it at Dos Santos's head while ordering him to stay put. *Id.* After Vicente exited the vehicle to explain why they were there, Kingkade held both men at gunpoint while his wife called the police. *Id.* ¶¶ 11-12. Varteresian arrived on the scene a short time later and ordered his officers to arrest Dos Santos and Vicente. *Id.* ¶¶ 14-15. Vicente was held in police custody overnight and was charged with breaking and entering with intent to commit a misdemeanor and criminal trespass. *Id.* ¶ 16. The charges against him were ultimately dropped when the Commonwealth filed a *nolle prosequi*. *Id.* ¶ 17.

3

Vicente brought suit against Kingkade and Varteresian in December 2023 in Worcester Superior Court and then filed an amended complaint in April 2024. *See* ECF 10, at 3; ECF 1-3. Vicente claims, pursuant to 42 U.S.C. § 1983, that Varteresian violated his Fourth Amendment rights (Count I), that both defendants violated his state law rights to be free from false arrest (Count II), false imprisonment (Count III), and malicious prosecution (Count IV), and that Kingkade committed assault with a deadly weapon (Count V). ECF 1-3, ¶¶ 18-34. Vicente alleges that he has suffered loss of physical liberty; incurred medical and legal expenses; and experienced pain, post-traumatic stress disorder, flashbacks, panic attacks, and other injuries. *Id.* ¶¶ 20, 23, 26, 29, 34. Kingkade and Varteresian removed the case to this Court in May 2024. ECF 1.

In June 2025, Kingkade and Varteresian filed a third-party complaint against Dos Santos and Precision Home Realty, LLC. *See* ECF 28. Count I of the third-party complaint, brought only by Kingkade, alleges that Dos Santos and Precision committed trespass by entering the Kingkades' home. *Id.* at 3. Counts II and III, brought by Kingkade and Varteresian, assert that Dos Santos and Precision are liable for fraud and negligent misrepresentation. *Id.* at 3-4. Count IV, likewise brought by Kingkade and Varteresian, asserts that Dos Santos and Precision are liable for statutory contribution under M.G.L. c. 231B with respect to any injuries or damages sustained by Vicente as a result of Dos Santos and Precision's "negligence and other tortious conduct which cause[d] and/or contributed to the plaintiff's claimed injuries and alleged damages." *Id.* at 5 & ¶ 36.

Dos Santos and Precision moved to dismiss the third-party complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF 34. After receiving Kingkade and Varteresian's opposition, the Court held a hearing in October 2025. ECF 37, 41. At the hearing, Kingkade and Varteresian explained that Counts II and III of their third-party complaint, which

4

allege fraud and negligent misrepresentation, provide the legal theory undergirding the statutory contribution claim advanced in Count IV.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "'whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted.'" *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court "may properly consider only facts and documents that are part of or incorporated into the complaint." *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (quotation marks omitted).

## DISCUSSION

**I.    Trespass.**

Dos Santos and Precision first contend that Kingkade's trespass claim should be dismissed because it fails to allege compensable damages.[1] A "trespasser 'is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise.'" *Massachusetts Port Auth. v. Turo Inc.*, 487 Mass. 235, 244-245 (2021)

---

[1] Dos Santos and Precision also argue that the trespass claim in Count I necessarily fails as to Varteresian because he is not the homeowner. The third-party complaint is clear, however, that only Kingkade is asserting this claim. *See* ECF 28, at 3.

5

(quoting Restatement (Second) of Torts § 329 (1965)). "To support an action of trespass" under Massachusetts law, "it is necessary to prove the actual possession of the plaintiff, and an illegal entry by the defendant." *New England Box Co. v. C & R Constr. Co.*, 313 Mass. 696, 707 (1943) (quotation marks omitted). The third-party complaint satisfies these elements. As to actual possession, it alleges that Kingkade and his wife jointly own the Milford property at issue. ECF 28, ¶¶ 2, 11-13, 16; *see New England Box*, 313 Mass. at 707 (plaintiff must show "lawful possession of the land" or be its "real owner" (quotation marks omitted)). As to illegal entry, it plausibly alleges that Dos Santos entered that property "without the knowledge or consent" of the Kingkades or their listing broker by "fraudulently obtaining" the key to their home. ECF 28, ¶¶ 15, 17; *see Loughlin v. Wright Mach. Co.*, 273 Mass. 310, 314-15 (1930) (finding trespass where defendant's employees and customers entered the plaintiff's property without "the consent of the plaintiff"). These allegations suffice to state a claim of trespass. *See Dilbert v. Hanover Ins. Co.*, 63 Mass. App. Ct. 327, 333 (2005).

Dos Santos and Precision maintain that this claim should nonetheless be dismissed because, in their view, Kingkade seeks damages that "are not compensable under a theory of trespass." ECF 34, at 4. "It has long been the 'general rule' in" Massachusetts, however, "that 'possession of real estate is sufficient to enable the parties in possession to maintain an action against a stranger for interfering with that possession.'" *Gallagher v. S. Shore Hosp., Inc.*, 101 Mass. App. Ct. 807, 831 (2022) (quoting *New England Box*, 313 Mass. at 707). The Supreme Judicial Court has repeatedly declined to require "[p]roof of injury." *Id.* (collecting cases). Indeed, it has observed that the mere fact that a trespass "did not harm the property is not controlling," *Blood v. Cohen*, 330 Mass. 385, 387 (1953), and it has allowed actions for nominal damages where "the plaintiff suffered no actual damage" from the trespass, *Triulzi v. Costa*, 296 Mass. 24, 28 (1936); *accord Loughlin*, 273 Mass.

at 316. Because the third-party complaint plausibly states a claim that Dos Santos and Precision are liable for trespass, the motion to dismiss this claim is denied.

## II.     Fraud and Negligent Misrepresentation.

Even though Kingkade and Varteresian clarified at the hearing that Counts II and III are included in their third-party complaint to provide the legal theory for their statutory contribution claim, these counts on their face assert standalone fraud and negligent misrepresentation claims against Dos Santos and Precision. The Court will, accordingly, address these counts insofar as they constitute independent claims.

Dos Santos and Precision contend that the fraud and negligent misrepresentation claims should be dismissed because both claims fail to allege that Kingkade or Varteresian—rather than Vicente—relied upon Dos Santos's false representation. "The elements of fraud consist of '[1] a false representation [2] of a matter of material fact [3] with knowledge of its falsity [4] for the purpose of inducing [action] thereon, and [5] that the plaintiff relied upon the representation as true and acted upon it to his [or her] damage.'" *Balles v. Babcock Power Inc.*, 476 Mass. 565, 573 (2017) (quoting *Danca v. Taunton Sav. Bank*, 385 Mass. 1, 8 (1982)). "Unlike fraud, negligent misrepresentation does not require an intent to deceive or actual knowledge that a statement is false." *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 471 (2009). To state a claim for negligent misrepresentation, a plaintiff must allege that "the defendant (1) in the course of his business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance on the information, and that he (6) failed to exercise reasonable care or competence in obtaining or communicating the information." *Gossels v. Fleet Nat. Bank*, 453 Mass. 366, 371-72 (2009).

The third-party complaint alleges in Count II that "Dos Santos represented to the plaintiff"—that is, Vicente—"that he had secured an appointment to view the Kingkade home for [Vicente] as a prospective purchaser of the property," and that Vicente "relied upon Dos Santos's representation." ECF 28, ¶¶ 21-22. It similarly alleges in Count III that Vicente "relied upon Dos Santos's representation" that "he had secured an appointment to view the Kingkade home." *Id.* ¶¶ 28-29. These allegations do not give rise to plausible claims that Dos Santos and Precision defrauded or negligently misrepresented information to Kingkade or Varteresian. The third-party complaint alleges that Dos Santos made a false representation to Vicente, not to Kingkade or Varteresian. *Cf. Movitz v. Home Depot U.S.A., Inc.*, 82 F. App'x 230, 231 (1st Cir. 2003) (plaintiff "fail[ed] to establish the elements of fraud against the defendant" because he did "not allege that anyone at [that company] misrepresented any facts to him"). Similarly, the third-party complaint alleges that it was Vicente, not Kingkade and Varteresian, who relied upon Dos Santos's misrepresentation to his detriment. *See Callahan v. Harvest Bd. Int'l, Inc.*, 138 F. Supp. 2d 147, 166 (D. Mass. 2001) ("Absent reliance on the alleged misrepresentation, the fraud claim cannot stand."); *Marram v. Kobrick Offshore Fund, Ltd.*, 442 Mass. 43, 59 (2004) ("[J]ustifiable reliance is integral to a claim for negligent misrepresentation."). Indeed, according to the third-party complaint, Kingkade had no "knowledge" of Dos Santos's intention to show the Kingkades' home on the evening of May 16, 2021. ECF 28, ¶¶ 11-12. Absent any allegation that Dos Santos and Precision made a false representation to Kingkade or Varteresian, and that Kingkade or Varteresian relied on that false representation to their detriment, the fraud and negligent misrepresentation claims must be dismissed, insofar as they constitute independent claims.

**III.     Statutory Contribution.**

Count IV of the third-party complaint asserts a claim for contribution under M.G.L. c. 231B. Dos Santos and Precision seek dismissal of the claim on the basis that they did not contribute to the harms alleged by Vicente in the underlying complaint. Under the contribution statute, "where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them." M.G.L. c. 231B, § 1(a). The aim of the statute is to more equitably distribute damages among those who share liability in tort for the underlying injury to the plaintiff. *See Berube v. City of Northampton*, 413 Mass. 635, 638 (1992); *Hayon v. Coca Cola Bottling Co. of New England*, 375 Mass. 644, 648 (1978). It allows defendants to bring in third-party defendants who may not have been named in the original complaint, but who could be "directly liable to the plaintiff." *LeBlanc v. Logan Hilton Joint Venture*, 463 Mass. 316, 326-27 (2012); *see also Panagakos v. Walsh*, 434 Mass. 353, 354-55 (2001). Those third-party defendants must be joint tortfeasors who share liability for the underlying injury, but they need not be liable for the same tort as the defendants. *See Wolfe v. Ford Motor Co.*, 386 Mass. 95, 100 (1982).

As clarified in the hearing, Counts II and III of the third-party complaint outline Kingkade and Varteresian's theory of the tort claims that Vicente could have asserted against Dos Santos and Precision—that is, fraud and negligent misrepresentation. Each theory survives dismissal. Count II plausibly alleges that Dos Santos and Precision may be liable to Vicente for fraud. *See Balles*, 476 Mass. at 573 (outlining the elements of fraud). According to the third-party complaint, Dos Santos purposely misrepresented to Vicente that they had an appointment to view the Kingkades' house on May 16, 2021 in order to induce Vicente to tour the property before the offer deadline the next day. ECF 28, ¶¶ 6, 9-10, 21, 23. Vicente, for his part, relied on this material

9

misrepresentation to his detriment when he entered the Kingkades' property believing that he had an appointment, thus sparking the series of allegedly tortious interactions with Kingkade and Varteresian. *Id.* ¶¶ 22-26; *see Zimmerman v. Kent*, 31 Mass. App. Ct. 72, 78 (1991) (defining "materiality" as "whether a reasonable man would attach importance [to the fact not disclosed] in determining his choice of action in the transaction in question" (quotation marks omitted)). Likewise, Count III plausibly alleges that Dos Santos and Precision may be liable to Vicente for negligent misrepresentation. *See Gossels*, 453 Mass. at 371-72 (detailing the elements of negligent misrepresentation). The third-party complaint alleges that Dos Santos supplied false information to Vicente, in the course of their business relationship as realtor and prospective homebuyer, about the actual date of their viewing appointment in order to induce Vicente to tour the Kingkade home ahead of the offer deadline. ECF 28, ¶¶ 8-10, 28, 30. It further asserts that Vicente experienced "pecuniary loss" through his "justifiable reliance" on this misrepresentation when he entered the Kingkades' property under the mistaken belief that he had permission to be there and was injured as a result. *Gossels*, 453 Mass. at 372; *see* ECF 28, ¶¶ 29-31, 33. Because Kingkade and Varteresian have plausibly alleged that Dos Santos and Precision could be directly liable in tort to Vicente, the motion to dismiss Count IV will be denied.

Dos Santos and Precision object that these tort theories of liability cannot underpin a statutory contribution claim because Vicente did not allege fraud or negligent misrepresentation against Kingkade and Varteresian in his complaint. "There is ample authority," however, "for the proposition that contribution is appropriate between persons who are liable jointly in tort for the same injuries, *even if they are liable on different theories of tort liability*." *Wolfe*, 386 Mass. at 100 (emphasis added). In other words, statutory contribution lies against a third-party defendant who is "joint[ly] liab[le] in tort for the same injury," albeit not necessarily "based on the same theory"

of liability. *Id.*; *see Economy Eng'g Co. v. Commonwealth*, 413 Mass. 791, 795 (1992) ("a joint tortfeasor who is liable on the theory of breach of warranty" is allowed "to obtain contribution from another joint tortfeasor who is liable for negligence"). The third-party complaint sufficiently alleges that Vicente's injuries, for which he seeks relief from Kingkade and Varteresian, were also caused by Dos Santos and Precision's tortious conduct.

Dos Santos and Precision additionally argue that the causal link between their alleged fraud or negligent misrepresentation and Vicente's alleged injuries is too attenuated to survive a motion to dismiss. The third-party complaint alleges that "Dos Santos's actions, which were both tortious and illegal, caused the series of events that led to [Vicente] being arrested by the Milford police and charged with various criminal offenses." ECF 28, ¶ 13. Whether Dos Santos and Precision may be liable for fraud or negligent misrepresentation to Vicente, and whether Vicente's alleged injuries flowed from that misconduct, are questions of fact unfit for resolution at the pleading stage. *See Safar v. Whole Foods Mkt. Grp., Inc.*, No. 18-cv-12515-DLC, 2022 WL 4540957, at *2 (D. Mass. Sept. 27, 2022) (denying summary judgment on contribution claim as "premature" before "the parties' liability [was] established"); *Great N. Ins. Co. v. Paino Assocs.*, 369 F. Supp. 2d 177, 190 (D. Mass. 2005) (same where "a disputed question of fact exist[ed] with respect to . . . joint liability"). The Supreme Judicial Court has repeatedly observed that "[t]he question of causation is generally one of fact for the jury." *Mullins v. Pine Manor Coll.*, 389 Mass. 47, 58 (1983); *accord Leavitt v. Brockton Hosp., Inc.*, 454 Mass. 37, 44 (2009); *Zezuski v. Jenny Mfg. Co.*, 363 Mass. 324, 328 (1973). While causation "may be determined as a question of law where there is no set of facts that could support a conclusion that the plaintiff's injuries were within the scope of liability," the third-party complaint provides sufficient factual allegations to support the inference that Dos Santos and Precision may have proximately caused Vicente's alleged injuries

11

through their fraud or negligent misrepresentation. *Leavitt*, 454 Mass. at 44. Accordingly, Kingkade and Varteresian's statutory contribution claim will not be dismissed.

## CONCLUSION AND ORDER

For the foregoing reasons, Dos Santos and Precision's motion to dismiss the third-party complaint, ECF 34, is GRANTED as to Counts II and III and DENIED as to Counts I and IV.

SO ORDERED.

Dated: November 12, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE